# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AIDAN S., BY AND THROUGH PARENT AND NATURAL GUARDIAN CRYSTAL WINTERBOTTOM, AND CRYSTAL WINTERBOTTOM IN HER OWN RIGHT<br><br>v.<br><br>ARGIE FAFALIOS, SABOLD ELEMENTARY SCHOOL, AND SPRINGFIELD SCHOOL DISTRICT | CIVIL ACTION<br><br>NO. 19-256 |

**Baylson, J.**  **MEMORANDUM**  November 20, 2019

## I. Introduction

Plaintiffs are suing over a teacher's alleged persistent bullying of Aidan S., a minor student with special needs. That bullying allegedly culminated in, but did not conclude with, a violent attack against him. Plaintiffs also allege that other school officials and employees handled the aftermath of the attack inappropriately. The Amended Complaint names the teacher, the school, and the school district as defendants.

Before the Court now is the defendant teacher's partial motion to dismiss. The motion asks the Court to dismiss several of the Amended Complaint's counts and narrow others. For the reasons given below, the Court will GRANT the partial motion in its entirety.

## II. Factual and Procedural History

Aidan S. is an elementary-school student at Sabold Elementary School in Springfield School District. Am. Compl. ¶¶ 1, 3, 32. In early 2017, he was in the third grade. Id. ¶ 32. His

1

co-plaintiff, Crystal Winterbottom, is his mother. Id. ¶ 1. Aidan has special needs, and has an Individualized Education Plan ("IEP"). Id. ¶ 32. His special needs and the contents of his IEP are not specified.

Plaintiffs' First Amended Complaint alleges in relevant part that Aidan's art teacher, Argie Fafalios, engaged in a pattern of "bullying and targeting" Aidan. Id. ¶ 52. That escalated one day in early 2017. Id. ¶ 32. That day, after class was over and as Aidan was leaving the classroom, she called out to him and instructed him to come back. Id. ¶ 35. After he came back, she told him to return his "bookmark project to the art room barking at him that 'she would be the one to decide if you take that home or not . . . .'" Id. ¶ 36. As he "attempted to determine where to place his bookmark," she attacked him from behind without warning. Id. ¶¶ 33, 37. Specifically, she grabbed his upper arms and shoulders and "forced him down onto the ground."[1] Id. ¶¶ 38, 71. While attacking him, she screamed "You are ruining my life." Id. ¶¶ 33, 71. A nearby student "implored him to pick himself up and run," which he did. Id. ¶¶ 38–39. Even after Aidan returned to the school, there was a minor incident where she called out to him to come over to her while he was in the hallway. Id. ¶ 55. Since the attack, Aidan S. has needed "medical and psychological attention for his fear, anxiety and fright." Id. ¶ 60. Also, following the attack, the principal removed Aidan S. from art class. Id. ¶ 62. The school principal later reported to Winterbottom that he interviewed Fafalios and she confirmed that she "did in fact wrongfully put her hands on Aidan S." Id. ¶ 59. Plaintiffs also claim that the principal, school nurse and Plaintiff's homeroom

---

[1] The Amended Complaint also characterizes the attack as Fafalios having "struck [Aidan] onto the ground" or "sharply throwing him to the ground." Id. ¶¶ 38, 46, 71.

2

teacher did not do enough to comfort and protect Aidan in the aftermath of the attack. Id. ¶¶ 39–42. There has been one further possible bullying incident since the attack. Id. ¶ 55.

Plaintiffs filed suit against Fafalios, the school district, and the school on January 17, 2019. ECF 1. Plaintiffs filed an amended complaint on September 4, 2019. ECF 18. Fafalios moved to dismiss or narrow some of their claims on September 24, 2019. ECF 19. Plaintiffs responded on October 28, 2019. ECF 21. Fafalios did not reply. As yet, the remaining Defendants have not answered or moved for dismissal.

The causes of action directed against Fafalios in the Amended Complaint are as follows:

I. Section 1983: Excessive Use of Force

II. Intentional Infliction of Mental Distress

III. Negligent Infliction of Mental Distress

IV. Punitive Damages

V. Assault and Battery and Intentional Infliction of Emotional Distress

VI. Intentional Infliction of Emotional Distress

VII. Monell Liability

VIII. Section 1983: Violation of Plaintiff's 4th and 14th Amendment Rights

IX. Failure to Supervise

Fafalios's objections to certain of these claims, and one claim not explicitly laid out as a count in the complaint, are discussed in more detail below.

### III. Legal Standard

In considering a motion to dismiss under Rule 12(b)(6), the Court "accept[s] all factual allegations as true [and] construe[s] the complaint in the light most favorable to the

3

plaintiff." Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (internal quotation marks and citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. Iqbal, 556 U.S. at 678, 684. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678 (citing Twombly, 550 U.S. at 555); see also Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (citing Twombly, 550 U.S. at 556 n.3) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests."). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

**IV.    Discussion**

   a. Title IX: Amended Complaint ¶¶ 12, 83

The complaint makes two glancing references to Fafalios's abuse of Aidan being sexual in nature. In Paragraph 12, the Plaintiffs state that they "seek redress pursuant to Title IX of the Education Amendments of 1972." In Paragraph 83, in the Damages section, the Plaintiffs refer

twice to Fafalios's conduct as "sexual harassment."[2]  There is no separate count of the complaint seeking liability under Title IX.

Fafalios briefly requests that the Court dismiss any claims of sexual harassment because sexual harassment is not pleaded as a separate count and there are no facts to support any such claims.  See Fafalios MtD Br. at 11–12.  Plaintiffs respond that various aspects of Fafalios's bullying demonstrate that she was singling out Aidan in an effort to sexually "groom" him.  See Pls. MtD Opp. at 19, 34.  They also make much of the physicality of the alleged attack, in particular that it involved "skin-on-skin contact" and that she "wrestle[d] him to the floor."  See id. at 11 n.3, 19, 34.  Finally, they argue that Fafalios's alleged statement, "You are ruining my life," "betray[s] a delusional relationship the depth and breadth of which is more akin to the kind of statement screamed at an unrequited romantic interest" and "shares and suggests a deeper and more intimate scope of relationship than teacher-elementary school student."  Id. at 19.

The Amended Complaint is simply inadequate.  A complaint must give defendants "fair notice of what the . . . claim is and the grounds upon which it rests," Phillips, 515 F.3d at 233 (citing Twombly, 550 U.S. at 555).  Here, the Amended Complaint fails to state any Title IX claim.

The facts of the Amended Complaint do not describe the alleged abuse and bullying as sexual.  First, Plaintiffs never refer to the "bullying" or "targeting" or "harassment" or "humiliat[ion]" Fafalios allegedly directed at Plaintiff as sexual in any narrative portion of the

---

[2] It appears that the parties stipulated to remove similar language from the Original Complaint. Fafalios MtD Br. at 12 n.3.  However, a stipulation as to the previous complaint does not affect the Court's review of a Rule 12(b)(6) motion to dismiss.  See W. Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank, 712 F.3d 165, 173 (3d Cir. 2013) (holding that district courts may not look outside the four corners of the amended complaint when resolving Rule 12(b)(6) motions).

complaint.  Second, no part of the Amended Complaint purporting to describe Fafalios's intent describes sexual intent.  Instead, several of Plaintiffs' statements about intent reject the possibility of sexual intent.  In one paragraph, they specifically allege that some of Fafalios's alleged bullying was undertaken "for no reason other than to single him out and humiliate and make his education tortuous."  Am. Compl.  ¶ 52.  Perverse sexual gratification would constitute a "reason other than to single him out and humiliate and make his education tortuous."  Elsewhere, they claim that Fafalios attacked Aidan "for no apparent reason."  Id.  ¶ 76.  If Plaintiffs aver that the attack was without "apparent reason," Defendants cannot be expected to infer that sexual reasons motivated the attack.  In yet other paragraphs, Plaintiffs allege that Fafalios felt "disdain and irrational animus and malignant enmity" or "significant and outwardly obvious disdain and contempt" towards Aidan.  Id. ¶¶ 70, 77.  Again, these are not sexual motivations.  Finally, the "skin-on-skin contact" that purportedly occurred during the attack, which the Plaintiffs argue at length demonstrates sexual intent, is never mentioned in the Amended Complaint.  Nor does the word "wrestle," used in Plaintiffs' response, appear in the Amended Complaint.  Instead, the Amended Complaint alleges in one paragraph that she "forced him to the ground" or "struck him onto the ground," id. ¶¶ 46, 71, and elsewhere, that she "sharply thr[e]w[]" him, id. ¶ 38.  To summarize: the Amended Complaint lacks references to sexual intent, explicitly claims that Fafalios's intent was non-sexual, and is missing any facts to allow an inference of sexual intent.  The Amended Complaint, therefore, cannot have put Defendants on notice of the nature of the claims.

Moreover, the structure of the complaint does not suggest the Plaintiffs have included a Title IX claim.  It contains nine distinct counts, each of which is explained at some length.  None rests on Title IX.

6

The Amended Complaint does not contain a valid Title IX claim. However, it appears that Plaintiffs may be able to state a valid Title IX claim in an amended complaint. The Court will therefore GRANT Fafalios's motion to dismiss insofar as it addresses purported Title IX claims, without prejudice and with leave to amend.

    b. <u>Count I: Section 1983: Excessive Use of Force under the Fourth and Fourteenth Amendments</u>

Fafalios argues that the Fourth Amendment portion of this claim should be dismissed because the Fourth Amendment does not apply to uses of excessive force by school officials that do not effect a detention. Fafalios MtD Br. at 3–5. Instead, she argues, the Fourteenth Amendment and its "shocks the conscience" standard govern. Id. Plaintiffs respond that they have stated a claim under the "shocks the conscience standard." Pls. MtD Opp. ¶¶ 21–23.

The Court agrees with both parties. The Fourteenth Amendment, rather than the Fourth, governs cases involving momentary uses of force by school officials that do not effect a detention. See Gottlieb ex rel. Calabria v. Laurel Highlands Sch. Dist., 272 F.3d 168, 172 (3d Cir. 2001); Betz v. Satteson, 715 Fed. App'x 213, 216 (3d Cir. 2017). Here, Fafalios allegedly threw Aidan to the ground, after which he fled. Therefore the Fourteenth, and not the Fourth, Amendment governs this claim.

The Court will therefore GRANT Fafalios's motion to dismiss Count I, to the extent that it rests on the Fourth Amendment, with prejudice.[3]

---

[3] Fafalios does not dispute that Plaintiffs have stated a Fourteenth-Amendment excessive force claim.

c. Count III: Negligent Infliction of Mental Distress

Fafalios argues that Count III is barred by Pennsylvania's Political Subdivision Tort Claims Act. Fafalios MtD Br. at 5–6. Plaintiffs respond that they "withdraw the Count for Negligent Infliction of Emotional Distress from the First Amended Complaint." Pls. MtD Opp. at 24.[4]

As this portion of Fafalios's motion is uncontested, the Court will GRANT Fafalios's motion to dismiss Count III, with prejudice.

d. Count IV: Punitive Damages

Fafalios argues that the "punitive damages" count in Plaintiffs' complaint should be dismissed because "punitive damages" is not an independent cause of action. Fafalios MtD Br. at 7. Importantly, Fafalios does not contest Plaintiffs' potential entitlement to punitive damages should they succeed in their claims—only the inclusion of punitive damages as a separate count in the Amended Complaint.

Although the Court is not aware of controlling Third Circuit law on this issue, it arrived at the same conclusion that Fafalios presses in Nelling v. Cty. of Delaware, Civil Action No. 11-6973, 2012 WL 3996113, at *6 (E.D. Pa. Sept. 11, 2012) (Baylson, J.) (quoting Dittrich v. Seeds, No. 03–cv–6128, 2005 WL 2436648, at *2 (E.D. Pa. Sept. 28, 2005) (Gardner, J.)). Pennsylvania state law also agrees. See Kirkbride v. Lisbon Contractors, Inc., 555 A.2d 800, 802 (Pa. 1989). Finally, granting Fafalios's motion would not affect Plaintiffs' entitlement to punitive damages.

The Court will therefore GRANT Fafalios's motion to dismiss Count IV, with prejudice.

---

[4] Although the Plaintiffs state that they are withdrawing their claim for "Negligent Infliction of *Emotional* Distress," id., the actual count in the complaint alleges "Negligent Infliction of *Mental* Distress." The distinction appears to represent only inadvertent error.

8

e.  Count VI: Monell Liability

Monell allows plaintiffs to sue municipalities for unconstitutional actions arising out of official municipal laws or policies. Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978). Fafalios argues that the Monell claim should be dismissed as to her because Monell does not allow individual liability. Fafalios MtD Br. at 7–8. Plaintiffs respond that they "withdraw any claim against Defendant Fafalios to the extent such a claim can be read into the Plaintiffs' First Amended Complaint." Pls. MtD Opp. at 25.

As this portion of Fafalios's motion is uncontested, the Court will GRANT Fafalios's motion to dismiss Count VI as to her, with prejudice.

f.  Count VII: Section 1983: Violation of Plaintiff's Fourth Amendment, Due Process, and Equal Protection Rights

Count VII of the Amended Complaint is vague. Plaintiffs state that "Defendants, through the above-referenced conduct, violated Minor Plaintiff's civil and constitutional rights under the fourth and 14th Amendments of the Constitution of the United States, including his right to security of person, due process and equal protection." Am. Compl. ¶ 142. However, Plaintiffs do not explain which facts underlie which rights violations.

Fafalios has leveled various arguments against Count VII. Fafalios MtD Br. at 8–10. The Court has reviewed Fafalios's arguments and Plaintiffs' responses. Having done so, the Court concludes that many of the disputes stem from Count VII's conclusory nature. Therefore "[d]efendant cannot be expected to respond to Plaintiff[s'] claims because it is unclear what claims are being asserted and what facts relate to each claim.'" Fabian v. St. Mary's Med. Ctr., Civil Action No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (Jones, J.) (quoting Rosado

9

v. Lynch, Civil Action No. 15-3999, 2017 WL 2495407, at *3 (D.N.J. June 8, 2017) (Salas, J.)) (first alteration in original). Similarly, the Court is "unable to conduct an accurate assessment of . . . Plaintiff[s'] claims as they currently exist." Id. at *3.

Especially here, where there are multiple Defendants, multiple allegedly tortious acts, and multiple Constitutional provisions being invoked, "a revised amended complaint that sufficiently complies with Rule 10(b) will ultimately clarify the record, streamline discovery, reduce the litigation costs for the parties, and preserve the Court's resources." Id. at *3 (quoting Rosado, 2017 WL 2495407, at *3). The Court will therefore dismiss Count VII in in its entirety, without prejudice and with leave to amend.[5]

g. Count VIII: Failure to Supervise

Fafalios argues that this count should be dismissed as to her because Plaintiff does not plead that she is a supervisor. Fafalios MtD Opp. at 11. Plaintiff's response appears to be the following. Fafalios's status as a mandated reporter for school official misconduct towards children gave her something equivalent to "supervisory" status with regards to other officials, Pls. MtD Opp. at 31–32, and other school officials mishandled Fafalios's misconduct towards Aidan, exacerbating the ultimate harm Aidan suffered. Id. Plaintiffs claim that because Fafalios failed to report that mishandling, she failed in her quasi-supervisory duties and thus exposed herself to supervisory liability by her "acquiescence" in the other school officials' conduct. Id. (citing Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)).

---

[5] The Court notes, for the benefit of the parties, that it has recently addressed the standards applying to equal protection claims by disabled plaintiffs in Eckstrom v. Community Education Centers, Inc., Civil Action No. 19-782, 2019 WL 3804146, at *7 (E.D. Pa. Aug. 12, 2019) (Baylson, J.).

Plaintiffs rely on Title 24, Section 2070.9a(a)(3)(i) of the Pennsylvania Statutes to demonstrate that Fafalios had a mandatory duty to report other school officials' misconduct. That provision poses two problems for Plaintiffs. First, it only imposes reporting duties on "[t]he chief school administrator or his designee." 24 Pa. Cons. Stat. § 2070.9a(a). Fafalios is not a chief school administrator, and there is no indication in the Amended Complaint or the briefing that Fafalios is a chief school administrator's designee. Second, that provision requires the reporting of "[i]nformation which constitutes reasonable cause to suspect that an educator has caused physical injury to a child or student as a result of negligence or malice." 24 Pa. Cons. Stat. § 2070.9a(a). Plaintiffs do not, however suggest that the other school officials "caused physical injury" to Aidan. The provision governing ordinary teachers appears to be Section 2070.9a(d), which requires teachers to report "any action, inaction or conduct which constitutes sexual abuse or exploitation or sexual misconduct." 24 Pa. Const. Stat. § 2070.9a(d). Again, Plaintiffs do not suggest that the other school officials committed sexual abuse, exploitation, or misconduct. Id. Therefore, even if all of Plaintiffs' allegations were true, and even if Fafalios's mandatory reporter status gave her quasi-supervisory status for the purposes of a failure to supervise claim, the Court could not conclude that Fafalios had failed in her duties as a mandatory reporter.

The Court will dismiss Count VIII, as to Fafalios, with prejudice. Dismissal with prejudice is proper when a "curative amendment would be . . . futile . . . ." Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004). Fafalios is an art teacher. The other officials who allegedly mishandled her misconduct are a principal, a nurse, and another teacher. Plaintiffs' Amended Complaint, and their Response, contain no allegations at all that Fafalios had actual supervisory authority over any of

them with respect to their conduct towards Aidan. Nor does the Court see any way the Plaintiffs could plead such supervisory authority. Thus, it would be futile to allow Plaintiffs to amend.

The Court will therefore GRANT Fafalios's motion to dismiss Count VIII as to her, with prejudice.

**V.     Conclusion**

For the reasons set forth above, Fafalios's Motion to Dismiss is GRANTED as follows:

- GRANTED, without prejudice and with leave to amend, as to any Title IX claims;
- GRANTED, with prejudice, as to Count I, to the extent that it rests on the Fourth Amendment;
- GRANTED, with prejudice, as to Counts III and IV;
- GRANTED, with prejudice, as to Counts VI and VIII, as to Defendant Fafalios;

Further, Count VII is dismissed in its entirety, without prejudice and with leave to amend.

An appropriate Order follows.

O:\CIVIL 19\19-256 S. v Fafalios\19cv256 Memo re Fafalios MTD.docx