# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AIDAN S., BY AND THROUGH PARENT AND NATURAL GUARDIAN CRYSTAL WINTERBOTTOM, AND CRYSTAL WINTERBOTTOM IN HER OWN RIGHT<br><br>v.<br><br>ARGIE FAFALIOS, SABOLD ELEMENTARY SCHOOL, AND SPRINGFIELD SCHOOL DISTRICT | CIVIL ACTION<br><br>NO. 19-256 |

**Baylson, J.**                                                                                     **February 14, 2020**

## MEMORANDUM

### I.     Introduction

Plaintiffs are suing a teacher, a school, and the school district over the teacher's alleged persistent bullying of Aidan S., a minor student with special needs. That bullying allegedly culminated in, but did not conclude with, a violent attack against him. Plaintiffs also allege that other school officials and employees handled the aftermath of the attack inappropriately, including some actions that they allege violated his Individualized Education Plan ("IEP") or his rights as a disabled student more generally. The Second Amended Complaint names the teacher, the school, and the school district as defendants.

Before the Court now is the Motion of Defendant, Argie Fafalios, to Dismiss Count V of the Second Amended Complaint. For the reasons given below, the Court will GRANT the Motion in its entirety.

## II.     Background and the Parties' Arguments

The Court largely set forth the factual and procedural history of this lawsuit in a previous memorandum addressing Defendant Fafalios's Motion to Dismiss certain claims in the first Amended Complaint. Aidan S. v. Fafalios, Civil Action No. 19-256, 2019 WL 6219759, at *1–2 (E.D. Pa. Nov. 21, 2019) (Baylson, J.).

In that memorandum and the accompanying order, the Court dismissed Count VII of the Amended Complaint, a § 1983 claim premised on alleged interference with Aidan's rights under the Fourth Amendment, Due Process clause, and Equal Protection clause. Id. at *5–6. Count VII was conclusory and unclear as to what rights were being asserted against which defendants, meaning that the Court was "unable to conduct an accurate assessment of . . . Plaintiff[s'] claims as they currently exist." Id. at *5 (quoting Fabian v. St. Mary's Med. Ctr., Civil Action No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (Jones, J.)). The Court therefore dismissed Count VII without prejudice, and gave Plaintiffs leave to amend to clarify their claims.

In late December, Plaintiffs filed their Second Amended Complaint. ECF 25. Count V of the Second Amended Complaint is a § 1983 claim premised on alleged deprivations of Aidan's rights under the Individuals with Disabilities Education Act (IDEA) and § 504 of the Rehabilitation Act. Id. ¶¶ 120–151. For relief, Plaintiffs ask, inter alia, for relief typical to IDEA cases: an order "the defendant to comply with the IDEA and Section 504," compensatory education, monetary damages, and attorneys' fees and costs. Id. at 39–40.

Defendant Fafalios moves to dismiss Count V either in its entirety or as to her alone. ECF 26. In its entirety, for two related reasons. First, because the causes of action and remedies built into IDEA and § 504 supplant § 1983. Id. at 3–4. Second, because the Court does not have subject-

matter jurisdiction to entertain IDEA or § 504 claims until Plaintiffs have exhausted their administrative remedies. Id. at 4. As to her, because there is no individual liability under IDEA or § 504. Id.

In their response, ECF 27, Plaintiffs "stipulate" to the dismissal of Count V as to Defendant Fafalios alone. They do not offer arguments on whether Count V should not be dismissed in its entirety.

Defendants Sabold Elementary School and Springfield School District have not participated in the briefing of this Motion.

## III. Discussion

Although the Court appreciates Plaintiffs' effort to streamline this litigation by stipulating that Count V should be dismissed as to Fafalios, it will nonetheless dismiss Count V in its entirety. Because of IDEA's comprehensive remedial scheme, Section 1983 cannot be used as a vehicle for IDEA claims. A.W. v. Jersey City Pub. Schs., 486 F.3d 791, 803 (3d Cir. 2007) ("Given [IDEA's] comprehensive scheme, Congress did not intend § 1983 to be available to remedy violations of the IDEA such as those alleged by [plaintiff]."). For the same reasons, § 1983 cannot be used as a vehicle for § 504 claims. Id. at 806 ("[Section] 1983 is not available to provide a remedy for defendants' alleged violations of [plaintiff's] rights under Section 504.").

Based on its language and the relief sought, Count V is an IDEA and § 504 claim. Section 1983 is unquestionably an inappropriate vehicle for such claims. The Court will therefore dismiss it with prejudice.[1]

---

[1] This is not the first time this issue has been before the Court. See Brandon V. v. Chichester Sch. Dist., Civil Action No. 06-4687, 2007 WL 2155722, at *2 (E.D. Pa. July 25, 2007) (Baylson, J.)

## IV. Conclusion

For the reasons set forth above, Fafalios's Motion to Dismiss is GRANTED, and Count V of Plaintiffs' complaint is dismissed, as to all defendants, and with prejudice.

An appropriate Order follows.

O:\Paul.2019\Cases\S. v. Fafalios, 19-cv-0256\19cv256 Memo re MTD.docx

---

(following A.W., dismissing § 1983 claims premised on IDEA and § 504 with prejudice); Sina L. v. Sch. Dist. of Phila., Civil Action No. 06-1342, 2007 WL 1933021, at *2 n.2 (E.D. Pa. July 2, 2007) (Baylson, J.) (following A.W., rejecting request for fees pursuant to § 1983 in IDEA case).