**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **AIDAN S., BY AND THROUGH PARENT AND NATURAL GUARDIAN CRYSTAL WINTERBOTTOM, AND CRYSTAL WINTERBOTTOM IN HER OWN RIGHT**<br><br>        v.<br><br>**ARGIE FAFALIOS, SABOLD ELEMENTARY SCHOOL, AND SPRINGFIELD SCHOOL DISTRICT** | **CIVIL ACTION**<br><br>**NO. 19-256** |

**Baylson, J.**                                                                                                           **April 22, 2020**

**MEMORANDUM**

**I.      Introduction**

Plaintiffs are suing a teacher, a school, and the school district over the teacher's alleged persistent bullying of Aidan S., a minor student with special needs. That bullying allegedly culminated in, but did not conclude with, a violent attack against him. Plaintiffs also allege that other school officials and employees handled the aftermath of the attack inappropriately. The Second Amended Complaint ("SAC") names the teacher, the school, and the school district as defendants.

Before the Court now is Defendants Sabold Elementary School and Springfield School District's (together, the "District Defendants") Motion to Dismiss the Second Amended Complaint under Federal Rules 12(b)(5) and 12(b)(6). For the reasons given below, the Court will GRANT the Motion in part, dismissing with prejudice the Title IX claims, all claims against Sabold

1

Elementary School, the Intentional Infliction of Emotional Distress claims against the District, and the prayer for punitive damages against the District; and dismissing without prejudice the Monell claims.  The Court will DENY, without prejudice, the Motion as to dismissal for failure to serve; and DENY the Motion to Dismiss Count V, already dismissed in a prior order, as moot.  The Court will also *sua sponte* STRIKE certain gratuitous allegations.  Additionally, the District Defendants' Motion to Strike Plaintiffs' surreply is DENIED.

## II.     Background

The Court largely set forth the factual and procedural history of this lawsuit in a previous memorandum addressing Defendant Fafalios's Motion to Dismiss certain claims in the first Amended Complaint.  Aidan S. v. Fafalios, Civil Action No. 19-256, 2019 WL 6219759, at *1–2 (E.D. Pa. Nov. 21, 2019) (Baylson, J.).  Since then, Plaintiffs filed the Second Amended Complaint ("SAC").  Defendant Fafalios moved in January to dismiss Count V of the SAC as to all defendants, ECF 26,[1] and the Court granted that motion on February 18, 2020, ECF 29; Aidan S. v. Fafalios, Civil Action No. 19-256, 2020 WL 821880, at *2 (E.D. Pa. Feb. 18, 2020) (Baylson, J.).

The District Defendants filed their Motion to Dismiss the SAC on February 19, 2020.  ECF 28.  Plaintiffs responded on March 4, 2020.  ECF 31.  The District Defendants, after receiving a brief extension of time, replied on March 16, 2020.  ECF 34.  Plaintiffs filed a surreply brief on March 30, 2020.[2]  ECF 35.

---

[1] Plaintiffs responded on January 31, 2020.  ECF 27.

[2] The surreply was filed without leave of court.  Generally, surreply briefs are not accepted without leave of court.  Judge Baylson's Pretrial and Trial Procedures – Civil Cases D(4) (rev. May 1, 2019).  The surreply also contains twenty-seven pages of substantive briefing, while reply briefs

The following allegations not laid out in the Court's previous memoranda are relevant to this motion. After Fafalios struck Aidan, Aidan went to his homeroom teacher. SAC ¶ 39. She took him to the Principal, Dr. Peter Brigg. Id. While Aidan was waiting in Principal Brigg's office, the school nurse saw him by chance and "observed his wounds." Id. ¶ 41. She "did no more that [sic] say … that he should 'be brave and show your mom the red marks.'" Id. Neither Principal Brigg nor anyone else took any immediate steps to contact Aidan's mother, investigate, restrict Fafalios's contact with students, or contact law enforcement. Id. ¶ 42. Instead, when Winterbottom arrived a few hours later and learned of the attack, Principal Brigg told Winterbottom that "he would find out more the following Monday." Id. ¶¶ 44–45, 49. Principal Brigg eventually removed Aidan from art class. Id. ¶ 51. Aidan's loss of access to arts education displeased Plaintiffs. Id.

Some time later, Fafalios allegedly tried to speak to Aidan in the hallway. Id. ¶ 54. Aidan ran to the principle, "who blamed minor plaintiff." Id. What form that blame took is not clear. Some time after that, Fafalios "stalked minor plaintiff into the lunchroom cafeteria," "sending him to the school counselor for additional appointments and increased medication management for his injuries and trauma and PTSD." Id. ¶ 60. At some point, Principal Brigg "pulled Aidan S. aside and told him to stop informing his mom of the stuff at school and think of something else happier because every time he gets an email from Aidan S.'s mom he has to meet with minor plaintiff." Id.

---

are limited to fifteen pages. Id. On April 17, 2020, the District Defendants made a Motion to Strike the surreply. ECF 37. Having reviewed the surreply, the Court concludes that the surreply does not add to the briefing of the issues. The Court, therefore, will DENY the Motion to Strike the surreply. All parties, however, are reminded to adhere to the Court's Procedures.

### III. Legal Standard

    a. Rule 12(b)(6)

In considering a motion to dismiss under Rule 12(b)(6), the Court "accept[s] all factual allegations as true [and] construe[s] the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (internal quotation marks and citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. Iqbal, 556 U.S. at 678, 684. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678 (citing Twombly, 550 U.S. at 555); see also Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (citing Twombly, 550 U.S. at 556 n.3) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests."). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

b. Rule 12(f)

"The court may strike from a pleading ... any ... immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  The court may act *sua sponte*.  Id.

"Content is immaterial when it has no essential or important relationship to the claim for relief. Content is impertinent when it does not pertain to the issues raised in the complaint. Scandalous material improperly casts a derogatory light on someone, most typically on a party to the action." Lee v. Eddystone Fire & Ambulance, No. 19-cv-3295, 2019 WL 6038535, at *2 (E.D. Pa. Nov. 13, 2019) (quoting Giuliani v. Polysciences, Inc., 275 F. Supp. 3d 564, 572 (E.D. Pa. 2017)).

IV. **Discussion**

a. Rule 12(b)(5)

The District Defendants maintain that Plaintiffs have not served them as required by Rule 4(c), and argue that the case should be dismissed accordingly.  Indeed, no proof or waiver of service appears on the docket for this matter.  However, the essential question is whether service has been made or waived, not what the docket shows.  Fed. R. Civ. P. 4(l)(3).  And "[t]he court may permit proof of service to be amended." Id.

The Court will permit Plaintiffs to amend their proof of service.  Plaintiffs' counsel has represented to the court that "[i]f there is a ministerial defect on the docket or an oversight as it pertains to any Affidavit of service, with leave of court, an Affidavit of Service could be filed pursuant to Rule 4(I)(1) [sic]."  Pls. MtD Opp. at 9–10.  The Court accepts counsel's representation.  Accordingly, the Court GRANTS Plaintiffs leave to file Rule 4(l)(1)-compliant proof of service within 30 days.  In the alternative, Plaintiffs may file an affidavit of counsel

5

explaining in detail, and with appropriate supporting documentation, what steps counsel took to serve the District Defendants and on what basis counsel believed service was timely accomplished. The District Defendants' Rule 12(b)(5) motion is DENIED, but without prejudice. The District Defendants may renew their motion once Plaintiffs' counsel has filed one of the aforementioned affidavits, or 31 days after entry of the order accompanying this memorandum.

    b. Rule 12(b)(6)

Following the Court's February 18 order dismissing Count V of the SAC,[3] the SAC contains four counts aimed at the School District and Sabold Elementary School.

    Count II: Intentional Infliction of Emotional Distress

    Count IV: Monell Liability

    Count VI: Violation of 42 U.S.C. § 1983 Supervisory Claim

    Count VII: Violation of Title IX

    Plaintiffs seek punitive damages against all Defendants.

The District Defendants move under rule 12(b)(6) to dismiss all four of these Counts; to have all claims against Sabold Elementary School dismissed because it is not a legal entity; and to have Plaintiffs' prayer for punitive damages against the District Defendants dismissed because Plaintiffs are not entitled to punitive damages against municipalities.

    Three issues are undisputed. Plaintiffs have agreed to the dismissal of all claims against Sabold Elementary School, Count II as to the District Defendants, and their prayer for punitive

---

[3] The District Defendants also moved that Count V be dismissed. This is DENIED as moot.

damages against the District Defendants. The District Defendants' Motion is therefore GRANTED as to those three issues.

The Court will now turn to the disputed issues: Counts IV, VI, and VII.

    *i.    Counts IV and VI*

The Civil Rights Act, 42 U.S.C. § 1983, imposes liability on those who interfere with U.S. citizens' federally-protected rights. Local governments may be held liable under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury…." Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 694 (1978). In the Third Circuit, "[t]here are three situations where acts of a government employee may be deemed to be the result of a policy or custom of the governmental entity for whom the employee works, thereby rendering the entity liable under § 1983:"

> The first is where the appropriate officer or entity promulgates a generally applicable statement of policy and the subsequent act complained of is simply an implementation of that policy. The second occurs where no rule has been announced as policy but federal law has been violated by an act of the policymaker itself. Finally, a policy or custom may also exist where the policymaker has failed to act affirmatively at all, [though] the need to take some action to control the agents of the government is so obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to the need.

Jimenez v. All Am. Rathskeller, Inc., 503 F.3d 247, 250 (3d Cir. 2007) (quoting Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 584 (3d Cir. 2003)).

To hold an entity liable, the plaintiff must identify the culpable policy or custom and explain how it caused his or her injury. Englehardt v. Falls Twp., Civil Action No. 19-3257, 2020

WL 1668648, (E.D. Pa. Apr. 3, 2020) (Baylson, J.) (citing Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown, 520 U.S. 397, 403 (1997)).  Here, Plaintiffs have failed to do one or the other at every step.  This is clearest when the Complaint is analyzed in three components: Winterbottom's claims; the District Defendants' pre-attack conduct and its effect on Aidan; and the District Defendants' post-attack conduct and its effect on Aidan.

        1.   Winterbottom's § 1983 Claims Against the District Defendants

Both Plaintiffs are proceeding against the District Defendants under § 1983 in Counts IV and VI.  Winterbottom does not state a claim in Count IV or VI because she has not articulated what federally-protected right of hers the District Defendants interfered with.

        2.   The District Defendants' Alleged Conduct Enabling the Attack

Counts IV and VI allege that the District Defendants are liable under § 1983 for Fafalios's attack on Aidan.  These claims fail because Plaintiffs' allegations of how District policy or custom enabled the attack are vague and unsupported.  Paragraph 153 of the SAC provides a generic list of "failure[s]" on the District's part that allegedly caused Fafalios's "abusive and illegal conduct."  Plaintiffs offer no explanation of which "failures" are connected to the alleged attack and which failures are connected to the alleged post-attack conduct.  Nor do they offer any specificity as to the nature of the failures, some of which could represent alarming nonfeasance by the District Defendants.  At their most specific, Plaintiffs allege only that the District Defendants employed Fafalios despite knowing that she "had a propensity for such" conduct and that employing her "was almost certain to lead to conduct such as alleged herein."  SAC ¶ 159.  How the District Defendants knew of the "propensity," and what the "propensity" consisted of, is not clarified.

Plaintiffs' allegations, lacking as they are in specificity and substantiation, are too vague and implausible to sustain a § 1983 claim that the District Defendants enabled Fafalios's attack.

### 3. The District Defendants' Alleged Conduct After the Attack

Finally, Counts IV and VI are insufficient to state a § 1983 claim with respect to the alleged post-attack conduct because the SAC does not establish that Principal Brigg is a policymaker or that any failures led to violations of federally-protected rights. Deliberate indifference can amount to a policy or custom. Jimenez, 503 F.3d at 250 (quoting Natale, 318 F.3d at 584). But for § 1983 liability to follow, the indifference must be a "policymaker's," and the indifference must lead to the violation of rights protected by federal law. Id.

Here, the Court can infer that Principal Brigg's alleged conduct after Fafalios attacked Aidan could amount to deliberate indifference to Aidan's plight if proven. Allegedly, Principal Brigg did not proactively notify Aidan's mother of the attack, delayed investigating a physical attack on a young student for at least the length of a weekend, effectively punished Aidan for being attacked by removing him from art class, did not take sufficient steps to prevent Fafalios from trying to make future contact with Aidan, and berated Aidan for seeking help when Fafalios tried to make contact. Taken together, these may demonstrate deliberate indifference.

However, the SAC does not provide enough details for the Court to infer that Principal Brigg is a "policymaker" with respect to the handling of the attack. Nor is it clear what federally-protected rights the alleged mis- and nonfeasance *after* the attack interfered with.

Combined, the inadequacies described above wipe out Counts IV and VI in their entireties. The Court will therefore GRANT the District Defendants' Motion as to Counts IV and VI. Because this is the first ruling on Plaintiffs' § 1983 claims against the District Defendants, and it

appears these inadequacies could be addressed in an amended pleading, the Court will grant Plaintiffs leave to amend Counts IV and VI in the Third Amended Complaint, which, as explained in Section IV.c below, must be filed within thirty days.

    *ii.    Count VII*

Finally, the District Defendants ask the Court to dismiss Plaintiffs' Title IX allegations because the allegations that Fafalios's conduct involved prurient intent are implausible and, even were those allegations plausible, the District itself cannot be held liable for the alleged misconduct.

Generally, "damages may not be recovered under Title IX 'for the sexual harassment of a student by one of the district's teachers ... unless an official of the school district who at a minimum has authority to institute corrective measures on the district's behalf has actual notice of, and is deliberately indifferent to, the teacher's misconduct.'" Bostic v. Smyrna Sch. Dist., 418 F.3d 355, 360 (3d Cir. 2005) (quoting Gebser v. Lago Vista Indep. Sch. Dist., 524 U.S. 274, 277) (1998)).

In Bostic, the Third Circuit addressed a dispute about jury instructions on "actual notice." Id. at 361. It approved the jury instructions given: "An educational institution has "actual knowledge" if it knows the underlying facts, indicating *sufficiently substantial danger* to students, and was therefore aware of the danger." Id. (quoting 3 Fed. Jury Prac. & Instr. § 177:36 (5th Ed. 2001)) (emphasis added).[4] At the same time, it concluded that the plaintiffs' preferred language, which would have only required that plaintiffs establish "information sufficient to alert the principal *to the possibility* that a teacher was involved in a sexual relationship with a student," "did not correctly set forth the law." Id. at 360–61.

---

[4] The cited definition has not changed as of the February 2020 update to the Sixth Edition of Federal Jury Practice and Instructions.

Given <u>Bostic</u>'s conclusion that a principal's awareness of the mere "possibility" of sexual misconduct does not constitute "actual notice" for the purposes of Title IX claims, Plaintiffs cannot sustain their Title IX claim. All Plaintiffs allege is that Principal Brigg knew that Fafalios physically attacked Aidan and continued to approach Aidan afterwards. These facts may indicate a "possibility" of sexual misconduct, but they do not indicate a "sufficiently substantial danger" of sexual misconduct. Because the facts known to Principal Brigg did not indicate a sufficiently substantial danger of sexual misconduct, the District did not have actual notice. Because the District did not have actual notice, Plaintiffs' Title IX claim fails as a matter of law.

The Court will therefore GRANT the District's Motion to Dismiss as to Count VII, with prejudice.

c. Rule 12(f)

The SAC likely violates Rule 8. It is unnecessarily lengthy, repetitive, and full of irrelevant allegations. The constant use of double negatives only adds to the improper nature of the pleading. The Court is genuinely unsure what it or Defendants are meant to conclude is alleged in a sentence such as "plaintiff does not contend that Defendant … did not touch minor-plaintiff's body with sexual intent."

The Court will strike all the SAC's references to Fafalios's alleged deviant or sexually perverse intent, and her alleged sociopathy, however phrased. With the prejudicial dismissal of the Title IX claims, these are immaterial at the least.

11

The Court will also strike all references to entirely unrelated tragedies such as the Sandy Hook school shooting and the Catholic Church's child sex abuse scandal. These are immaterial at the least.

Plaintiffs must file a conforming Third Amended Complaint within thirty days. In preparing the Third Amended Complaint, especially should they choose to avail themselves of the leave to amend Counts IV and VI, Plaintiffs should remember to limit themselves to the facts of this case. They should also bear in mind Rule 8's requirement that complaints be "concise and direct."

### d. Scope of Discovery

Finally, given the Second Amended Complaint's tendency towards expansive allegations, a note on the scope of discovery is in order. The Federal Rules of Civil Procedure provide for discovery on "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b). Here, discovery will be limited to the complaint's factual allegations of Fafalios's misconduct directed at Aidan, subsequent events, and pertinent District policies or customs.

## V. Conclusion

For the reasons stated above:

- Plaintiffs are ordered to file one of the following within 30 days: a Rule 4-compliant affidavit of service, or an affidavit of counsel explaining in detail, and with appropriate supporting documentation, what steps counsel took to serve the District Defendants and on what basis counsel believed service was timely accomplished. Defendants' Motion to Dismiss is denied without prejudice as to dismissal under

> Rule 12(b)(5). Defendants may file a new motion once Plaintiffs have filed one of the aforementioned affidavits, or 31 days after entry of the accompanying order.

- The remainder of Defendants' Motion to Dismiss is GRANTED in part and DENIED in part, as follows:

    o GRANTED, with prejudice, as to Count VII, the dismissal of all claims against Sabold Elementary School, Count II as to the District Defendants, and Plaintiffs' prayer for punitive damages against the District Defendants;

    o GRANTED, without prejudice, as to the dismissal of Counts IV and VI; and

    o DENIED as moot as to the dismissal of Count V.

- All references to Fafalios's alleged deviant or sexually perverse intent, or sociopathy, however phrased, and all references to entirely unrelated tragedies such as the Sandy Hook school shooting and the Catholic Church's child sex abuse scandal, are stricken. Plaintiffs must file a conforming Third Amended Complaint within thirty days.[5]

- Plaintiffs have leave to amend Counts IV and VI in the Third Amended Complaint.

Additionally, Defendants' Motion to Strike is DENIED.

An appropriate order follows.

O:\CIVIL 19\19-256 S. v Fafalios\19cv256 Memo re District MTD.docx

---

[5] Certain statements on pages 33, 40, and 44 of the Second Amended Complaint contain the minor Plaintiff's full last name. Plaintiffs must take prompt steps to replace the copy of the Second Amended Complaint on PACER with a redacted copy. See Local Rules Civ. P. 5.1.2(12)(b) ("[N]ames of minor children should be modified or partially redacted in electronically filed documents.").